1  **THE PAFFRATH ORGANIZATION, DBA MEET KEVIN**
   Kenneth E. Traynham (SBN 327612)
2  8164 Platinum Street
   Ventura, CA 93004
3  Telephone: (323) 305-9544
   Facsimile: (323) 552-7472
4  Email: ken@meetkevin.com
   *Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE PAFFRATH ORGANIZATION, DBA MEET KEVIN, a California corporation;<br><br>Plaintiff,<br><br>v.<br><br>WARNER BROS. DISCOVERY, INC., a Delaware corporation, and DOES 1 to 50, inclusive;<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Paffrath Organization, DBA Meet Kevin complains against Defendant Warner Bros. Discovery, Inc. and Does 1 to 50, inclusive, as follows.

### SUMMARY OF THE CASE

1. Plaintiff brings this action for violations of the Federal Trade Commission Act, the Sherman Antitrust Act, the public forum doctrine, the First Amendment, and the Communications Act of 1934, arising from Cable News Network's ("CNN"), one of Defendant Warner Bros. Discovery, Inc.'s companies, refusal to grant Plaintiff streaming and commentary rights of the upcoming June 27, 2024 presidential debate. This refusal constitutes monopolistic behavior, restricts public discourse, and violates principles of fair competition and public interest. The denial also impedes Plaintiff's ability to engage in transformative use of the debate content for public commentary and educational purposes, which is protected under the fair use doctrine.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a)-(b).

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), (c)(2), and (d), and 15 U.S.C. § 53(b).

## THE PARTIES

4. Plaintiff The Paffrath Organization, DBA Meet Kevin is a California corporation with its principal place of business at 8164 Platinum Street, Ventura, CA 93004.

5. Defendant Warner Bros. Discovery, Inc. is a Delaware corporation with its principal place of business at 230 Park Avenue South, New York, NY 10003.

6. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein as Does 1 to 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## GENERAL ALLEGATIONS

7. Plaintiff is a digital media company that publishes multimedia content across various social media platforms, including YouTube, X.com, Twitch, and TikTok. Plaintiff's Chief Executive Officer is Kevin Paffrath, an online financial and political analyst and commentator who goes by "Meet Kevin," hence the company's registered doing business as name.

8. As part of Mr. Paffrath's online productions and video content, he has collaborated with various prominent public figures and content creators, significantly enhancing the richness and diversity of the information he provides. His collaborations include interviews and discussions with prominent financial experts like Cathie Wood of Ark Invest and popular media personalities such as Kevin "Mr. Wonderful" O'Leary and Barbara Corcoran of Shark Tank. Additionally, he has engaged with political figures like U.S. Representative Ronald "Ron" Paul, providing a valuable service by making complex financial and political topics accessible to a broad

1 audience.  He has also appeared alongside influential social media journalists and commentators
2 like Patrick Bet-David, Tim Pool, David Pakman, and Krystal Ball and Saagar Enjeti of "Breaking
3 Points."

4        9.    Mr. Paffrath holds licenses as a real estate broker and financial advisor, securities
5 representative and securities principal, and he oversees operations at two additional enterprises:
6 House Hack, Inc., a real estate startup, and SuitHack, LLC, a securities broker-dealer firm
7 currently pending FINRA and SEC approval.  His extensive background provides him with
8 substantial expertise, which serves as an invaluable resource for public commentary during live
9 debates.  Notably, Mr. Paffrath demonstrated his commitment to thorough public discourse by
10 providing live coverage and commentary for over 10 hours during the January 6, 2021 event.  This
11 dedication highlights the value and necessity of making his insights accessible to the public for
12 major political events.

13       10.    Defendant Warner Bros. Discovery, Inc. is a massive, multimedia production
14 company.  One of its brands/companies is Cable News Network ("CNN").

15       11.    CNN was granted the privilege to broadcast the first 2024 presidential debate that is
16 to take place on June 27, 2024, between former president Donald J. Trump and current President
17 Joseph Biden.

18       12.    Presidential debates are critical public events that require broad access to ensure
19 diverse viewpoints and comprehensive public discourse essential for a democratic society.

20       13.    Rather than solely broadcast the June 27, 2024 debate on its media outlets, CNN
21 decided to offer broadcast licenses to other prominent networks.  However, these licenses came
22 with extreme limitations.  The CNN logo would be required to remain unobscured, onscreen
23 during the entire broadcast.  The networks had to refer to the broadcast as the "CNN Presidential
24 Debates."  Finally, and most importantly, no other network was allowed to have their reporters
25 provide feedback, commentary, or fact-checking during the actual broadcast.  Rather, they could
26 only add commentary before or after.

27       14.    Despite offering broadcast and streaming licenses to other networks, CNN has
28 refused to offer licenses to social media creators.  This includes political content creators looking

1  to stream the debate on YouTube and add their own commentary and review interspersed during
2  the broadcast.
3    15. Plaintiff reached out to CNN on June 26, 2024 by phone and email, requesting a
4  streaming and commentary license to provide critical commentary and analysis to its substantial
5  audience of over two million subscribers on YouTube and X.com.  Despite multiple attempts,
6  CNN failed to respond or engage in any meaningful discussions regarding the request.
7    16. On information and belief, CNN refuses to grant any social media content creator a
8  broadcast/streaming license, even if the creator agreed to follow the rules it set out for the other
9  networks.  CNN has already denied other YouTube content creators, including "Breaking Points"
10 and Tim Pool, under threat that it would file a Digital Millennium Copyright Act ("DMCA")
11 takedown request on YouTube or other social media platforms should they attempt to stream and
12 cover the broadcast.
13   17. CNN has even gone as far as requesting that YouTube set meetings with such
14 political content creators to pressure them not to attempt to stream the debates and add their own
15 commentary.
16   18. CNN's control over the debate broadcast rights restricts freedom of the press to a
17 select few major corporations of its choosing, undermining the democratic principle of a free and
18 diverse press.
19   19. This is not the first time CNN has restricted Mr. Paffrath's freedom of speech.  On
20 August 24, 2021, during the California gubernatorial recall election campaign, CNN published
21 misleading information about the election candidates, falsely claiming that "no Democrats are
22 competing against their own party's governor."  This statement was factually incorrect as polling
23 data from a SurveyUSA poll, commissioned 20 days earlier on August 4, 2021 by KABC-TV in
24 Los Angeles and KGTV 10News and The San Diego Tribune in San Diego showed that Mr.
25 Paffrath was not only competing but was also a leading candidate. Specifically, Mr. Paffrath
26 garnered 27% of the replacement vote, indicating significant support across demographic groups,
27 including younger voters, Latinos, Democrats, and liberals.  He led 12:1 among those opposed to
28 recalling Governor Newsom, led 2:1 in Greater Los Angeles, and led by 35 points in urban parts of

the state, clearly positioning him as a prominent contender in the race.  Fox News published that "a CNN report on the state of the recall race made no mention of [Kevin Paffrath] Monday," but after an inquiry from Fox News, the CNN article "was updated."

20. CNN's control over this presidential debate and its refusal to grant streaming rights to independent media, including Plaintiff, constitute monopolistic behavior, which harms public discourse and restricts the free flow of diverse and antagonistic sources of information, which are essential for a democratic society.  CNN has significant market power in broadcasting major political events, such as presidential debates, and controls who gets to broadcast these events.

21. CNN has created a media hold on one of the most cherished American activities, determining who to vote for President of the United States of America.  By not allowing an equal opportunity to obtain a broadcast/streaming license for this event, CNN essentially chose to shut out a growing portion of the population, namely younger generations who have grown accustomed to watching such events alongside their favorite commentators on social media sites, such as YouTube.  This is a direct chilling effect in order to contain and control a narrative pre-set by CNN for fear that someone may vocalize an opinion counter to its agenda.

22. This case represents a clear instance of corporate discrimination against an independent, social media journalist and commentator where the stakes involve nothing less than the public's right to access diverse and critical viewpoints during pivotal political events such as presidential debates.  Preventing independent journalists from live streaming the debate perpetuates this monopolistic and oligopolistic control over information dissemination and undermines the democratic process.

23. If allowed to proceed along its desired path, Defendant's actions, by and through its company CNN, will cause Plaintiff and other online political commentators irreparable harm and damage.  Should CNN be permitted to continue refusing to issue a streaming license merely because an individual or company is not a mega multimedia broadcast corporation, it will continue its monopolistic and oligopolistic hold on one of the most sacred American traditions and cause a chilling effect on presidential election publicity.

1  24. Plaintiff is informed and believes, and thereon alleges, that Defendant's alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, and committed with the intention of injuring Plaintiff and other similar online political commentators.

25. Plaintiff is informed and believes, and thereon alleges, that each of the Doe defendants is legally responsible in some manner for the events and happenings referred to herein and that each of said defendants proximately caused injuries and damages to Plaintiff as alleged herein.

26. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the Doe defendants was the agent, servant, employee, partner, co-conspirator, and/or joint venturer of the other defendants named in this Complaint and was at all times operating and acting within the purpose and scope of said agency, service employment, partnership, conspiracy, and/or joint venture.

27. Plaintiff is informed and believes, and thereon alleges, that the Doe defendants' acts and omissions were performed with the approval and ratification of the other defendants and that said acts and omissions were part of a pattern and practice of behavior that substantially contributed to the violations of Plaintiff's rights as alleged herein.

28. Plaintiff is informed and believes, and thereon alleges, that Does 1 to 50, inclusive, are entities or individuals who actively participated in, ratified, encouraged, or otherwise contributed to the wrongful conduct alleged in this Complaint.

**FIRST CLAIM FOR RELIEF**

**UNFAIR COMPETITION UNDER THE FEDERAL TRADE COMMISSION ACT**

**(AGAINST ALL DEFENDANTS)**

29. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

30. Defendant, by and through CNN, has engaged in unfair competition.

31. CNN's conduct has and will have a direct negative effect on commerce.

32. CNN's actions are unfair and deceptive. CNN's refusal to allow Plaintiff, and similar content creators, access to stream and comment on presidential debates represents unfair competition, especially as this restricts consumer choice and controls the narrative, which is misleading to the public.

33. This lack of access not only distorts the market dynamics, but also directly harms consumers by denying them a fuller understanding of political processes, essential for informed voting and civic participation.

34. This practice misleads consumers acting reasonably under the circumstances because it removes the choice for them to view the presidential debate and funnels them only into one singular broadcast with the same forced commentary, given CNN's restrictions placed on the broadcast and refusal to license it to anyone other than a large network.

35. CNN's actions are material and have a significant impact on consumer decisions and behavior because they directly limit consumers' options to view the presidential debate and limit the viewpoints to which viewers could have the opportunity to expose themselves and consider.

36. By denying Plaintiff the opportunity to stream the debate, CNN suppresses competition and innovation, which is unethical and harms market dynamics. The lack of access to diverse media coverage reduces the public's ability to make informed choices, which is crucial for democratic participation.

37. Broadcasters have certain public interest obligations, including affording reasonable opportunity for the discussion of conflicting views on issues of public importance. The live streaming of a presidential debate at the time of the debate, when it will be most viewed, is the most important time to provide fact-checking and critical commentary. Stifling critical commentary *at the time* of the debate is akin to censorship as it prevents the live, balancing of viewpoints that the public could consume. Just as one might switch from CNN to Fox to listen to a countervailing viewpoint, one must be able to—live and during the debate—switch between CNN and a fact-checker or public commenter also streaming the debate.

38. On information and belief, and thereon alleged herein, for the first time since 1988, CNN, in conjunction with the Trump and Biden campaigns, has opted not to engage the Commission on Presidential Debates—a nonpartisan organization that has traditionally overseen presidential debates by setting rules, selecting venues, and choosing moderators. This departure grants CNN an unprecedented level of power and control over the debates in the modern internet era, further solidifying its influence over the narrative and format of these critical public discussions. This increases the need for independent commentary in the public space at the time of the live debate.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF ANTITRUST LAWS UNDER THE SHERMAN ANTITRUST ACT

## (AGAINST ALL DEFENDANTS)

39. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

40. "Freedom to publish means freedom for all, and not for some." *Associated Press v. United States*, 326 U.S. 1, 20 (1945).

41. CNN's monopolistic control over the debate broadcast stifles competition and restricts smaller, independent media from participating in a significant public forum. Its licensing practices restrict competition and harm consumer choice.

42. This behavior is akin to antitrust violations where, "[e]very person who shall monopolize, or attempt to monopolize . . . any part of the trade or commerce among the several States . . . shall be deemed guilty of a felony . . . ." 15 U.S.C. § 2 (2018). By refusing to offer a broadcast/streaming license to Plaintiff and anyone other than a large broadcast network, Defendant, by and through its company CNN, has violated antitrust laws and engaged in anticompetitive conduct that harms competition.

43. Defendant has intentionally and willfully engaged in this conduct and maintains that discretion as part of its anticompetitive practices.

44. As CNN has the sole ability to grant access to broadcasters it selects, CNN holds monopolistic power over the first 2024 presidential debate.

45. The U.S. Supreme Court has stated, "[t]here is a substantial governmental and First Amendment interest in promoting a diversity of views provided through multiple technology media." *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622, 662 (1994). The Court has also ruled that a refusal to deal with competitors to maintain a monopoly, or oligopolistic control in this case, is a violation of antitrust laws. *See generally Lorain Journal Co. v. United States*, 342 U.S. 143 (1951).

46. CNN's actions parallel this by restricting access to the debate to maintain control. Under 15 U.S.C. § 2, CNN's exclusive control and refusal to grant streaming rights demonstrate monopolistic practices by limiting competitive access to broadcast presidential debates. This prevents competition in the marketplace for news critical to the democratic process.

47. To further evidence CNN's monopolistic power, in addition to restricting access to streaming rights on information and belief, and alleged thereon, CNN is potentially implementing mic-muting technology for the first time in a presidential debate. This decision provides CNN with unprecedented control over the debate's narrative, directly influencing what content is heard by the public. This manipulation of the debate format further entrenches CNN's market power by ensuring that only their curated version of events reaches viewers.

48. As a direct and proximate result of Defendant's anti-competitive practices as described above, Plaintiff has been and will continue to be harmed.

**THIRD CLAIM FOR RELIEF**

**VIOLATION OF THE PUBLIC FORUM DOCTRINE**

**AND FIRST AMENDMENT RIGHTS**

**(AGAINST ALL DEFENDANTS)**

49. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

50. Presidential debates are quintessential public forums due to their historical significance and role in the democratic process.

51. Defendant, by and through CNN, was granted the exclusive right to broadcast the debate and choose to whom it would license the right. This qualifies CNN's actions as government action because it is significantly entangled with government actions and/or it is fulfilling a public function by being the sole broadcaster of the debate.

52. Defendant, by and through CNN, has significantly restricted speech, thereby violating the First Amendment. CNN has chosen to refuse to grant a broadcast/streaming license to anyone other than a large broadcast company. This restricts the speech of several individuals and entities, including Plaintiff, during one of the most important events of the year concerning the United States government. This limits viewpoints and limits public discourse.

53. This restriction of speech by Defendant, by and through CNN, does not serve a compelling or significant government interest and was not narrowly tailored.

54. CNN refused to provide equal access to the broadcast even though it could have done so to anyone requesting a license. Instead, it deliberately chose to keep the audience small to only those large corporate broadcasters so that it could more easily limit the discourse surrounding the presidential debate.

55. As a direct and proximate result, Plaintiff was harmed by Defendant's actions.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF THE COMMUNCATIONS ACT OF 1934**

**(AGAINST ALL DEFENDANTS)**

56. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

57. Under 47 U.S.C. §§ 303 and 307, broadcasters must operate in the public interest.

58. Defendant, by and through CNN as a broadcaster, is required to ensure that its policies and practices serve the public interest.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

59. 47 U.S.C. § 202(a) prohibits any common carrier from engaging in unjust or unreasonable discrimination.

60. CNN's exclusive and restrictive policies constitute unjust and/or unreasonable discrimination by limiting access to broadcasting/live streaming the event.

61. CNN was granted an exclusive privilege for one of the most cherished American political events. Voting is at the core of being an American citizen. The publication and broadcast of the presidential debate should be openly available and non-discriminatory in who is able to apply and receive a license to re-broadcast/live stream the debate. The fact that CNN chose to limit the broadcast to large, corporate broadcasters rather than allow small, independent journalists the opportunity to follow the same guidelines and restrictions is chilling on American discourse and discriminatory in its application. Refusing to grant a license to Plaintiff and other smaller multimedia companies is inherently un-American and a violation of the fair and reasonable responsibilities placed upon the company as a common carrier for purposes of the debate.

62. Defendant's actions, by and through CNN, have and will negatively impact public access to information and public discourse. By denying broader access to the live stream, CNN has and will continue to restrict public access to important political information, impacting public discourse.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF PUBLIC POLICY
## (AGAINST ALL DEFENDANTS)

63. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

64. There is a clear public interest in open access to information and diverse viewpoints, especially in American politics concerning one of the largest political events during the presidential campaign.

65. Defendant, by and through CNN, has chosen to attempt to limit those who can access the broadcast of the debate and provide live feedback and commentary despite that being the quintessential time to provide those crucial clarifying points for viewers.

66. CNN could have easily chosen to offer the same license to everyone with the same restrictions but instead chose to only give it to those corporations it knew it could ensure would stick to its proposed narrative and presentation of the debate.

67. Additionally, the restrictions CNN placed on the license are also against public policy because they extremely limit broadcasters' ability to comment on the debate as it happens, other than just CNN reporters.

68. This severely limits the discourse available during the debate itself, the most important time to reach viewers.

69. This is directly against the public interest to all open access to information and diverse viewpoints. As previously stated, the U.S. Supreme Court has already indicated the importance of this when it stated "[t]here is a substantial governmental and First Amendment interest in promoting a diversity of views provided through multiple technology media." *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622, 662 (1994).

70. Defendant, by and through CNN, has no justifiable reason for artificially restricting the broadcast license other than attempting to limit access and public discourse. It could have easily offered the same license to everyone for the same price with the same requirements, but it chose specifically not to offer it to Plaintiff and other social media political commentators. It even attempted to have YouTube sit down and meet some of these commentators, urging them not to express their beliefs about what was to be said during the debate.

71. To allow such a practice is un-American and clearly against government policy. This will have a chilling effect on the presidential election if permitted and will set a grave precedent going forward.

72. This policy has and will continue to irreparably harm Plaintiff if allowed to continue.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

A. That Plaintiff is awarded all damages, including future damages, that Plaintiff has sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

B. That Plaintiff is awarded its costs, attorney's fees, and expenses in this action;

C. That Plaintiff if awarded pre-judgment interest;

D. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

E. That Defendants be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

F. For such further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated:  June 26, 2024

**THE PAFFRATH ORGANIZATION, DBA MEET KEVIN**

By: _Kenneth E. Traynham_
Kenneth E. Traynham, Esq.
*Attorney for Plaintiff*